# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

July 28, 2023

**BY ECF**

Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square, Room 518
New York, New York 10007

**APPLICATION GRANTED**
**SO ORDERED**
**VERNON S. BRODERICK**
**U.S.D.J.** 07/31/2023

Re:   **United States v. Angel Vinicio Pina**
      **22-CR-0027-VSB-1**

Dear Judge Broderick:

Angel Pina has successfully completed approximately two years of his five-year term of supervised release.  His performance during this period has been so extraordinary in fact that he was placed on the low-intensity caseload -- which requires minimal reporting requirements -- back in November 2022.  There is no clearer indicator that a defendant has maximized their potential on supervision than placement on the low-intensity caseload.  In other words, the need for further supervision in Mr. Pina's case has undoubtedly run its course.  For this reason, Mr. Pina respectfully moves the Court for an Order terminating the remaining term of his supervised release.[1]

---

[1] Undersigned counsel has reached out to probation to get their position on early termination. Probation takes no position either in favor of or against early termination.

## I.   __Background__

On June 3, 2015, a final judgment was entered against Mr. Pina in the Western District of Texas sentencing him to 108 months followed by 5 years of supervised release for a drug conspiracy charge.   Dkt. 2.   Mr. Pina commenced his 5-year term of supervised release in September 2021.   And for the past two years, he has demonstrated full compliance with the terms of his release.   His performance has been so exceptional that he was placed on the low-intensity caseload in November 2022.   Individuals on the low-intensity caseload have only one reporting requirement: submit a monthly report online.   According to Mr. Pina's probation officer, Mr. Pina has no record of any non-compliance.

At age 61, the regretful decisions that led to the criminal charges in this case are now well behind Mr. Pina.   Since being released from custody in 2021, Mr. Pina has worked hard to support his family through legitimate work – primarily in construction. He first began working for Chase Construction, which is based in Queens.   From there, he held two other positions with Metropolitan and Maintenance Construction in Queens and Proline Construction in Yonkers.   And on September 16, 2022, he landed a job as an engineer with ███████, which is a hotel located in Manhattan. He proudly continues to work there to this day.

In addition to his hard work, Mr. Pina has found purpose – as both a man of faith and pillar for his family.   He currently attends ███████ in Manhattan and, as emphasized by his niece in a letter to the Court, Mr. Pina "never misses a chance to spread the word of God and what the mercy of God has done for him and his family."   *See* Mayra Estrella Letter.   Similarly, Mr. Pina's youngest daughter raves about the family man that her father has become since being released from prison:

> I am now 29 years old with a relationship with my dad that some children wish for.   In the last two years we have been able to make great memories.   He has been able to witness me

becoming engaged, walk me down the aisle, become a mother, and bond with his newest grandson.  We have cultivated this relationship through faith, trust and transparency.  I cannot be proud enough of what he has been able to accomplish in these short years that he has been back with us.  He works for an amazing company and the best job he has ever had, with benefits and good earnings.  He has bonds with all of his grandchildren that love and adore him.  He supports his family the best that he can, and continues to always seek how to be a better person to others and himself.

*See* Hazel Pina Letter.  It is this passion for his family, in part, that drives Mr. Pina's desire to seek early termination of supervised release. While in custody, he had open heart surgery for a condition that he fears might one day cut his life short.  He desires to spend the days that he has left traveling with his family and visiting his sick mother in the Dominican Republic.  Furthermore, he would like to take regular trips to the Dominican Republic, so he can commence renovations on his property out there in preparation for retirement.

Mr. Pina is ready and equipped to leave his past behind him and move forward with his life.  He is gainfully employed.  He has a stable home with his wife in the Bronx, where they have resided for the past twenty years.  And he has no struggles with alcohol or drugs.  Considering the extremely limited role that probation is playing in Mr. Pina's life, and given his lack of need for the resources that probation can provide, Mr. Pina respectfully asks the Court to terminate the remaining term of his supervision.

## II.    The Court has Discretion to Terminate Supervision Early

The decision whether to grant early termination of supervised release lies in the discretion of the district court.  *See United States v. Sheckley*, 1997 WL 701370, at *1 (2d Cir. 1997) (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).  Under 18 U.S.C. § 3583(e), the Court must first consider the relevant sentencing factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for deterrence and rehabilitation.  After considering the sentencing factors, the Court may

terminate supervision at any time after the expiration of one year, "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Notably, the United States Sentencing Guidelines encourage courts to exercise their authority to terminate supervised release early in appropriate cases. *See* U.S.S.G. § 5D1.2, cmt. (n.5). Appropriate cases for early termination include those in which a defendant demonstrates a change in circumstances or exceptionally good behavior that renders a previously imposed supervision term unduly harsh or inappropriately tailored. *See Lussier*, 104 F.3d at 36.

### III.    No Further Supervision is Warranted in this Case

As stated at the outset, the need for further supervision in this case has run its course. Due to Mr. Pina's exceptionally good behavior while on supervised release, he was transferred to the low-intensity caseload, sending a clear signal that there is a belief on the part of the probation office that Mr. Pina is no longer in need of the resources that their office can provide. *See United States v. Trotter*, 321 F. Supp. 3d 337, 364 (E.D.N.Y. 2018) ("A Low Intensity Unit' was created in this district to reduce burdens for some. One of the goals of this program is to permit supervision officers to focus their time and efforts on . . . cases in need of closer supervision, while relieving them of cases that require little supervision. . . . When the assessment indicates that . . . the offender is likely to remain crime free and to comply with all other conditions without further interventions by the officer, the case should be supervised under . . . low intensity standards."). Indeed, he has thrown himself into his work, has a stable home to live, and has had no new reported arrests or violations. In short, the goals of supervision have been met and there is little to be gained by having Mr. Pina remain on supervision for the sole purpose of having him submit monthly reports online. *See United States v. Johnson*, 529 U.S. 53, 59 (2000) ("Congress intended supervised release to assist individuals in their transition to community life.").

Considering Mr. Pina's age, his demonstrated remorse, that he has spent the past two years on supervised release without issue, that he is being supervised on the low-intensity caseload, and that he is no longer in need of the resources that probation can provide, early termination of supervised release is justified under 18 U.S.C. § 3583(e) and in the interests of justice. *See United States v. Cummings*, 2017 WL 946349, at *1 (S.D.N.Y. Mar. 7, 2017) ("The defendant has completed approximately three-and-a-half years of his five year term of supervised release. The defendant has been on 'low-intensity' supervision for more than a year. It is undisputed that the defendant has complied with all of the conditions of his supervised release. The defendant is fully employed. The defendant's probation officer and the Government do not oppose the motion. A continued period of supervision is unnecessary for deterrence, protection of the public or to reflect the seriousness of the offense for which the defendant has already completed a substantial prison term and [more than] half the period of supervised release. Under all of the circumstances, a termination of supervised release is warranted by the conduct of the defendant and the interest of justice.").

## IV.  Conclusion

For all of the reasons stated herein, including Mr. Pina's exceptionally good behavior while on supervision, Mr. Pina respectfully asks the Court to terminate the remaining term of his supervised release.

Respectfully Submitted,

/s/

Kristoff I. Williams
Assistant Federal Defender
Federal Defenders of New York
(212) 417-8791

Cc: Andrew Leung (Probation): Andrew_Leung@nysp.uscourts.gov